## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-19-00257-PRW |
| EDUARDO ROJO-ALVARADO, | ) ) ) | |
| Defendant. | ) | |

## ORDER

On September 9, 2019, the Government filed a Motion to Dismiss Without Prejudice (Dkt. 23), asking the Court to dismiss the Indictment (Dkt. 1) against the Defendant pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The only reason given for the requested dismissal was that dismissal would be "in the interests of justice."[1]

The next day, the Defendant's lawyer filed a Response to Government Motion to Dismiss Without Prejudice (Dkt. 24), stating that he "had no opportunity to have any consultation with the defendant" regarding the Government's requested dismissal due to some significant developments.[2] Apparently, when defense counsel contacted the Oklahoma County Detention Center to arrange a meeting with his client and the court-appointed translator to discuss the Government's motion and ascertain his client's position

---

[1] Mot. to Dismiss Without Prejudice (Dkt. 23) at 1.
[2] Def.'s Resp. to Gov't Mot. to Dismiss Without Prejudice (Dkt. 24) at 2.

1

on the requested dismissal, he learned his client had been "released directly into Immigration Customs Enforcement custody 'last week'."[3] Defense counsel was not informed of this action. Moreover, defense counsel accused the Government of attempting to "unilaterally . . . circumvent the provision of [the Speedy Trial Act,] 18 U.S.C. §3161 et. seq." by obtaining a dismissal of the indictment that will prevent the Speedy Trial Act's 70-day deadline from running.[4] Because his client's "inability to appear is squarely placed on the actions of the government,"[5] he contended "[t]hese proceedings and this prosecution should be considered abandoned by the government [and] not simply abated or held in suspension until it suits them to start up again, if ever." He has therefore requested dismissal *with* prejudice to refiling.

Two days later, the Government filed an Amended Motion to Dismiss Without Prejudice (Dkt. 25) giving a more detailed explanation of the reason for the requested dismissal. On July 12, 2019, state law enforcement officers encountered the Defendant and

---

[3] *Id.*

[4] *Id.* at 4.

[5] *Id.* at 3. Defense counsel does not cite any authority in support of this assertion, but he is presumably relying upon 18 U.S.C. § 3146(c)—the provision in the Bail Reform Act that states, "It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist"—and upon case law indicating that deportation is "an uncontrollable circumstance" that warrants application of the affirmative defense, *see, e.g.*, *United States v. Montoya-Vasquez*, No. 4:08-cr-03174, 2009 WL 103596, at *5 (D. Neb. Jan. 13, 2009) ("If the government—through ICE or any other authority—prevents his appearance, he has not 'failed' to appear.").

arrested him under a bench warrant issued in 2012 for failure to appear in state court.[6] After his detention in the Oklahoma County Detention Center, Immigration and Customs Enforcement (ICE) agents placed an immigration detainer on the Defendant and referred the case to the U.S. Attorney's Office for the Western District of Oklahoma.[7] Following the Defendant's indictment and arraignment, U.S. Magistrate Judge Erwin held a detention hearing on September 4th, released the Defendant on bail under certain conditions, and sent the Defendant back to the Oklahoma County Detention Center to finish serving his state sentence. Acting under the jurisdiction of the U.S. Department of Homeland Security (DHS), ICE executed its detainer on September 6th and took the Defendant into custody for deportation to Mexico. On September 7th, the Defendant was deported. The U.S. Attorney's Office has requested dismissal of the indictment without prejudice because DHS removed the Defendant back to Mexico. The U.S. Attorney's Office does not wish to prosecute the Defendant in absentia or to suspend the prosecution.

For the reasons stated below, the Government's Amended Motion to Dismiss Without Prejudice (Dkt. 25) is **GRANTED**.

*Analysis*

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's

---

[6] *See generally State v. Rojo*, No. CM-2005-1951 (Okla. Cty. Dist. Ct. filed May 17, 2005).
[7] DHS Immigration Detainer – Notice of Action (Dkt. 25-5) at 1.

3

consent."

Although the rule contains a requirement that "leave of court" be obtained, it does not specify any particular standard—such as "for good cause shown"—for granting leave. While the phrase "obviously vest[s] some discretion in the court," the U.S. Supreme Court has never delineated "the circumstances in which that discretion may properly be exercised."[8]

At common law, however, the prosecutor had unbridled power to dismiss a case through entry of *nolle prosequi* at any stage of the case.[9] When Rule 48(a) was first drafted, the Advisory Committee recommended adding a requirement that the prosecutor state his reasons for seeking a dismissal, which was the prevalent practice in state courts.[10] But when the Supreme Court promulgated the rule in 1944, it substituted the requirement that dismissal be obtained only by leave of court without any explanation of its reasons for

---

[8] *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

[9] *United States v. Ammidown*, 497 F.2d 615, 620 & n.6 (D.C. Cir. 1973) (citing *Confiscation Cases*, 7 Wall. (74 U.S.) 454 (1869); *United States v. Brokaw*, 60 F. Supp. 100 (S.D. Ill. 1945); *United States v. Woody*, 2 F.2d 262 (D. Mont. 1924)); 3B Charles Alan Wright & Peter J. Henning, *Federal Practice and Procedure* § 802, at 330 (4th ed. 2013) (also citing *United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964); Charles E. Glatfelter, Jr., Comment, *The Nolle Prosequi Under Rule 48(a) of the Federal Rules of Criminal Procedure*, 1978 Detroit Coll. L. Rev. 491, 491–93).

[10] *Ammidown*, 497 F.2d at 620 & n.9 (citing Note, *Prosecutor's Discretion*, 103 U. Pa. L. Rev. 1057, 1064–68 (1955)); *see also* Fed. R. Crim. P. 48(a) advisory committee's note to 1944 adoption (stating that the final version of the rule adopted was "similar to the rule now prevailing in many States"). *See generally*, *e.g.*, Okla. Stat. tit. 21, § 815 (2011) (enacted 1910, amended 2016) (allowing dismissal of an indictment only by court order).

4

doing so.[11] In a 1977 opinion, even the Supreme Court itself noted that "[t]he words 'leave of court' were inserted in Rule 48(a) without explanation."[12]

The only guidance the Supreme Court has provided was its suggestion in the footnote of an opinion that "[t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection," and that a secondary object was to allow courts to consider public interest.[13] "To honor these purposes of the rule," the Tenth Circuit requires that "the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision."[14] "[T]he court will not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest."[15] This requirement is especially well-founded where the defendant concurs in the dismissal and the court's only real concern is "whether the action sufficiently protects the public."[16]

Although the Government failed to set forth the reasons for dismissal in its initial

---

[11] *Ammidown*, 497 F.2d at 620; 3B Wright & Henning, *supra* note 9, § 802, at 330.

[12] *Rinaldi*, 434 U.S. at 29 n.15.

[13] *Id.* (citing *United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975); *Ammidown*, 497 F.2d 615; *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965); *Woodring v. United States*, 311 F.2d 417, 424 (8th Cir. 1963)).

[14] *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984).

[15] *Ammidown*, 497 F.2d at 620.

[16] *See United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004); *Ammidown*, 497 F.2d at 620.

motion, the amended motion cures the problem by stating that the Defendant's deportation is the basis for the request. In view of that reason, it does not appear that the agreed-to dismissal fails to protect the public interest. Rather, the Government's desire not to prosecute the Defendant in absentia advances the public's interest in avoiding such defendant-less trials.

The only question is whether dismissal should be with or without prejudice to refiling. Defense counsel argues for dismissal with prejudice because he believes the Government is seeking to suspend the prosecution to unilaterally circumvent the provisions of the Speedy Trial Act. On the other hand, the Government states it "is not . . . 'suspending' the prosecution" and argues that "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds."[17] Neither side offers much authority in support of its arguments, but the Government does cite the case of *United States v. Rojas*, No. 6:18-cr-10048-JWB, 2018 WL 6696570 (D. Kan. Dec. 19, 2018).

The *Rojas* case is factually and procedurally on point.[18] The *Rojas* court found one case helpful to its analysis, *United States v. Alvarado-Velazquez*, 322 F. Supp. 3d 857 (M.D. Tenn. 2018), and noted that the court's decision about whether to dismiss with prejudice or without hinged upon whether the Government was operating in bad faith by

---

[17] Am. Mot. to Dismiss Without Prejudice (Dkt. 25) at 3 (quoting *United States v. Taylor*, 487 U.S. 326, 342 (1988)).

[18] *Rojas*, 2018 WL 6696570, at *1.

moving to dismiss the indictment.[19] The *Rojas* court then found that "[g]ranting the government's motion to dismiss without prejudice in the instant case is not manifestly against the public interest," particularly insofar as it would "resolve[] any conflict" presented by "pursuing concurrent criminal charges and immigration proceedings against an individual."[20] It further found that "nothing in the current record lends itself to a conclusion that dismissal of the indictment constitutes an effort to harass Defendant or that the dismissal is otherwise 'tainted with impropriety.'"[21] The *Rojas* court also found "there is no reason why that election [of deportation and dismissal of the indictment] by the government should confer immunity on Defendant for the alleged offense."[22] The *Rojas* court believed "[t]he prospect of refiling obviously gives Defendant a disincentive to unlawfully reenter the country, [which] is not manifestly contrary to the public interest," and that "the statute of limitations protects Defendant against the government recharging the offense after an unreasonable period of time."[23] Consequently, the *Rojas* court "conclude[d] that the circumstances d[id] not warrant dismissing the indictment with prejudice.

---

[19] *Id.*

[20] *Id.* at *3.

[21] *Id.* (quoting *Rinaldi*, 434 U.S. at 30).

[22] *Id.*

[23] *Id.*

7

Another judge within the Tenth Circuit found *Rojas* persuasive in the case of *United States v. Rodriguez-Romo*, No. 6:18-cr-10146, 2019 WL 1058199 (D. Kan. Mar. 6, 2019). So do I.

The Court hereby finds that dismissal of the indictment without prejudice sufficiently protects the public interest. On the current record, there is no evidence that the Government is acting in bad faith by seeking dismissal without prejudice, and hence no need to protect the public from the relief the Government is requesting.[24] Dismissal without prejudice strikes an appropriate balance between the competing public interest factors. The statute of limitations limits the Government's ability pursue prosecution, but even if the Government timely pursues prosecution, it must obtain a new indictment or the Defendant's waiver of his right to an indictment. Additionally, until the statute of limitations passes, the threat of prosecution will provide Defendant with some incentive to comply with the laws of the United States by not re-entering the country without authorization.

*Conclusion*

**IT IS THEREFORE ORDERED** that the Government's Amended Motion to Dismiss Without Prejudice (Dkt. 25) is **GRANTED**. Accordingly, the Indictment (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**.

---

[24] "Court have equated a dismissal that is clearly contrary to the public interest with one in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *In re Richard*, 213 F.3d 773, 787 (3d Cir. 2000) (citing *United States v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981)). There is certainly no evidence of anything rising to this level.

**IT IS SO ORDERED this 18th day of September, 2019.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE